IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY JOE KELLY | § | |
| | § | |
| v. | § | C.A. NO. C-08-237 |
| | § | |
| OSCAR MENDOZA | § | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

On July 21, 2008, petitioner filed this petition for a writ of habeas corpus, challenging a disciplinary proceeding by the Texas Department of Criminal Justice, Correctional Institutions Division. (D.E. 1). On September 25, 2008, respondent filed a motion for summary judgment. (D.E. 10). On October 7, 2008, petitioner filed a response. (D.E. 15). For the reasons stated herein, it is respectfully recommended that respondent's motion for summary judgment be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is incarcerated in the McConnell Unit in Bee County, Texas, (D.E. 1), and therefore jurisdiction is proper in this

Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Petitioner is currently serving a twenty-year sentence for possession of a controlled substance.  (D.E. 11, at 2).  He does not complain of the state conviction for which he is currently incarcerated, but instead challenges the March 20, 2008 proceeding in disciplinary cause number 20080189549, in which he was accused and found guilty of failing to obey an order.  DHR,[1] at 1.  As a result of being found guilty, he lost fifteen days of recreation privileges and thirty days of commissary privileges, and was held at Line Class Three status.  Id.

On April 4, 2008, petitioner filed a Step One grievance challenging the outcome of his disciplinary conviction.  DGR, at 1.  On May 1, 2008, he received a response, which concluded that "[t]here is nothing to indicate that the Disciplinary Hearing Officer did not take into consideration all the evidence presented, before rendering a decision.  This office finds no reason to dismiss this case."  Id. at 2.

On May 6, 2008, petitioner filed a Step Two grievance.  Id. at 3.  On May 19, 2008, he received a response, indicating that his disciplinary case had been reviewed and that "[t]he disciplinary charge ... was appropriate for the offense and

---

[1] Disciplinary hearing records that have been submitted to the Court will be referred to as "DHR," and disciplinary grievance records that have been submitted to the Court will be referred to as "DGR," with the referenced page number following the designation.

the guilty verdict was supported by the evidence." Id. at 4. It concluded that "[a]ll due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines.... No further action is warranted in this matter." Id.

Petitioner filed this action on July 21, 2008, asserting that false evidence was presented at his hearing and that he was not allowed to present documentary evidence on his behalf. (D.E. 1).[2]

### III. DISCUSSION

Petitioner asserts that false evidence was used to support his disciplinary conviction and that he was not allowed to present documentary evidence on his own behalf, and that his conviction thus violated his due process rights. (D.E. 1, at 5). Therefore, he challenges the resulting loss of recreation and commissary privileges, and his restriction to Line Class Three status. Id. at 3.

**A.  Standard Of Review For A Summary Judgment Motion.**

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." Clark v. Johnson, 202 F.3d

---

[2] Respondent does not assert that petitioner has failed to exhaust his state remedies, or that the petition is either time-barred or successive. (D.E. 10).

760, 764 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.    Petitioner Fails To Establish A Protected Liberty Interest.**

A federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam). A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malachi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution.'") (citation omitted). The Supreme Court has explained that these liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its

own force..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

Here, petitioner lost fifteen days of recreation privileges and thirty days of commissary privileges and was held at Line Class Three status as the result of his disciplinary conviction. DHR, at 1. These punishments do not affect the fact or length of petitioner's confinement, but instead are merely punishments altering the conditions of his confinement. Moreover, not every state action taken for a punitive reason encroaches upon a liberty interest. Sandin, 515 U.S. at 484. Petitioner's loss of commissary and recreation privileges is not an atypical, significant deprivation that could create a protected liberty interest. Id. at 485-86; see also Madison, 104 F.3d at 768 ("[Plaintiff's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivation in which a state might create a liberty interest."). Furthermore, petitioner cannot complain that his due process rights were violated by his restriction to Line Class Three status, because prisoners have no protected interest in assignment to any good-time

credit earning status.  Malachi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam).  Accordingly, it is respectfully recommended that petitioner has failed to state a cognizable habeas claim with respect to these claims.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that " [a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under

§ 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is

not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 10), be granted, and that the petition, (D.E. 1), be dismissed with prejudice. It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 17th day of October 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).